IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAQUEZ S JOHNSON,<br><br>          Plaintiff,<br><br>   vs.<br><br>UNITED STATES, Government, Official Capacity;  CITY OF OMAHA, Government, Official Capacity;   NEBRASKA PUBLIC DEFENDER, Government, Official Capacity; and JAMI JACOBS, Public Defender, Official Capacity;<br><br>          Defendants. | **8:25CV675**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Juaquez S. Johnson's ("Johnson") Complaint filed on November 24, 2025. Filing No. 1. Also before the Court are Johnson's "Summary Judgment Statement," Filing No. 7, Amended Complaint, Filing No. 10, two motions to amend, Filing No. 13; Filing No. 14, a motion for summons, Filing No. 11, and a motion to transfer, Filing No. 12. Johnson has been given leave to proceed in forma pauperis. Filing No. 9. The Court must conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. In conducting this review, the Court will grant Johnson's motions to amend to the extent the Court will consider the motions, along with the Summary Judgment Statement and Amended Complaint, as supplemental to and part of the Complaint. *See* NECivR 15.1(b).

## I.  SUMMARY OF COMPLAINT

Johnson is a prisoner currently in the Nebraska Department of Correctional Services' ("NDCS") custody in the Omaha Correctional Center. Filing No. 18. He brings

this action pursuant to 42 U.S.C. § 1983 against the United States, the City of Omaha, the Nebraska Public Defender ("Public Defender"), public defender Jami Jacobs ("Jacobs"), prosecutor Eric Fabian ("Fabian"), and Judge J. Russell Derr ("Judge Derr") in their official and individual capacities (collectively "Defendants"). Filing No. 1 at 2–3; Filing No. 13 at 1; Filing No. 14 at 1. Plaintiff alleges due process violations, ineffective assistance of counsel, negligence, legal malpractice, false imprisonment, and emotional distress arising out of events occurring on or around June 26, 2025, in the Douglas County Court and while Johnson was confined in Douglas County Corrections. Johnson alleges the following as his statement of claim.

On June 20, 2025, Jacobs messaged Johnson that the prosecutor would amend his pending robbery charge to theft, allow waiver of the presentence investigation, and recommend one year with credit for time and costs, and that he should be out shortly after the June 26 court date and after transferring to NDCS custody to get a prison number. Jacobs visited Johnson on June 24, 2025, at Douglas County Corrections and conveyed the same plea terms. On June 26, 2025, in Douglas County Court before Judge Derr with prosecutor Fabian present, Johnson reviewed a plea document Jacobs provided to him, was advised of his rights, and pleaded guilty to the amended theft charge. Judge Derr accepted the plea and sentenced Johnson, giving him credit for time and costs. Johnson alleges that on July 2, 2025, when transferred to "RTC-1"[1] within the NDCS for assignment of a prison number, officials told him he must serve two more months under the judge's order. Filing No. 7 at 3. Johnson protested that he had a time-served deal, but prison staff indicated they were following the judge's order and finished processing

---

[1] The Court understands "RTC-1" to refer to the Reception and Treatment Center within the NDCS.

Johnson into custody.  About a week later, after obtaining approval of his phone sheet, Johnson called Jacobs, explained the situation to her, and she asked him to call back the next day so she could look into the matter.  Johnson followed up with Jacobs the next day, and Jacobs immediately apologized, stating she made a mistake by miscalculating his good time and that he had to serve two more months.  Johnson requested court transcripts, and a few days later he received the judge's order and a notarized letter from Jacobs stating she could not obtain transcripts because her supervisor said the judge's order was clear.  *Id*. at 4–5.

Plaintiff alleges Jacobs' miscalculation led him to accept the plea on June 26, 2025, believing it was time served, resulting in two extra months of custody.  Filing No. 10.  He further alleges that Jacobs conspired with Fabian and Judge Derr, both of whom were present during the plea deal and failed to "point[] out any error inconsistencies or flaw[s]," Filing No. 13 at 3.  As a result of Defendants' conduct, Johnson suffered emotional distress, but no physical injuries, from having to remain in prison for two additional months.  Filing No. 1 at 5.  As relief, Plaintiff requests damages and unspecified declaratory and injunctive relief regarding the plea process.  Filing No. 1 at 5; Filing No. 14 at 1.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

4

### III.  DISCUSSION

For the reasons that follow, the Court concludes Plaintiff's Complaint fails to state a plausible claim for relief against any of the Defendants and must be dismissed.

## A.  Defendants Named Only in Caption

Johnson lists the United States and the City of Omaha as defendants in this case, but he makes no allegations against either of them in the body of his Complaint.  He does not allege any facts from which it can be inferred that the United States, i.e., the federal government, or the City of Omaha had any involvement whatsoever in Johnson's state court criminal proceeding where he was represented by an attorney from the "Nebraska" Public Defender's office, which is a state entity according to Johnson, *see* Filing No. 1 at 3, though is actually an agency of Douglas County, Nebraska.[2]  A complaint that only lists a defendant's name in the caption without alleging that the defendant was involved in the alleged misconduct fails to state a claim against that defendant.  *Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").  Other than their names appearing in the caption, the Complaint makes no reference to the United States or the City of Omaha and, thus, fails to state a claim against either defendant.

---

[2] *See* Douglas County Public Defender website, https://publicdefender.douglascounty-ne.gov/.

5

**B. Official Capacity Claims**

Johnson sues the remaining Defendants in their official capacities, as well as their individual capacities. His official capacity claims against the Public Defender, Jacobs, and Fabian are actually claims against their employing entity, Douglas County, while his claims against Judge Derr in his official capacity are claims against the State of Nebraska. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). As explained below, Plaintiff's official capacity claims must be dismissed.

First, Johnson fails to state a plausible claim for relief against Douglas County as he does not allege any facts to suggest his rights were violated due to an unconstitutional policy or custom of the County. *See Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) ("Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.") (internal quotations and citations omitted).

Second, Johnson's claims against Judge Derr in his official capacity are barred by sovereign immunity. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64

F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981).  There is no indication that Nebraska waived or Congress overrode immunity here, and Johnson does not seek any prospective equitable relief that would fit within the *Ex Parte Young* exception to sovereign immunity.  *See Cunningham v. Kahler*, --- F.4th ---, No. 24-3261, 2026 WL 911967, at *2 (8th Cir. Apr. 2, 2026) ("*Ex parte Young* applies when the 'complaint [1] alleges an ongoing violation of federal law and [2] seeks relief properly characterized as prospective.'" (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002))).

Accordingly, Plaintiff's claims against Defendants in their official capacities must be dismissed.

## C.  Claims Against Jacobs and Public Defender

Plaintiff's federal constitutional claims against Jacobs and the Public Defender cannot proceed under 42 U.S.C. § 1983.  As stated above, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights.  *West*, 487 U.S. at 48.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary."  *Id*. at 322 n.13.  While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's allegations in no way suggest a plausible conspiracy claim between Jacobs and state actors, Fabian and Judge Derr, based solely on their participation in Johnson's

7

plea hearing.  Accordingly, the Court concludes Plaintiff's Complaint fails to state a § 1983 claim for which relief may be granted against Jacobs and the Public Defender.

**D.  Claims Against Fabian and Judge Derr**

As indicated above, Plaintiff fails to allege facts suggesting that Fabian and Judge Derr conspired with Jacobs to violate Plaintiff's constitutional rights.  Regardless, Plaintiff's § 1983 claims against Fabian and Judge Derr cannot proceed as both defendants are immune from suit.

Plaintiff alleges Fabian, as the prosecutor involved in his plea hearing, had an opportunity to view the plea agreement but did not alert Judge Derr to any errors or inconsistencies within it.  Filing No. 13 at 3.  However, "[p]rosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)).  Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative."  *Id*.  "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). Here, Fabian's alleged actions clearly fall within the scope of his prosecutorial functions, and absolute immunity bars Plaintiff's claims against Fabian.

Similarly, Plaintiff cannot recover damages for Judge Derr's actions taken during Plaintiff's plea hearing as Judge Derr is entitled to absolute immunity from such claims. A judge is immune from suit, including suits brought under § 1983 to recover for alleged

8

deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). Clearly, Judge Derr's actions in presiding over Plaintiff's plea hearing and sentencing Plaintiff were judicial actions for which Judge Derr is absolutely immune, and Plaintiff's claims against Judge Derr must be dismissed.

### E. Plaintiff's Federal Claims are *Heck*-Barred

Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983, and the Court concludes leave to amend is not warranted because, as explained below, Plaintiff's constitutional claims run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. Plaintiff essentially claims that he received ineffective assistance of counsel and was denied due process when he entered his plea and was sentenced in the Douglas

9

County District Court. If successful, Plaintiff's claims necessarily implicate the validity of his conviction. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

## F. State Law Claims

Finally, Plaintiff alleges state-law claims of negligence, false imprisonment, legal malpractice, infliction of emotional distress, and contract fraud. Filing No. 1 at 3; Filing No. 14 at 1. Plaintiff's state-law claims can only be litigated in this action through exercise of the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). However, the Court declines to exercise supplemental jurisdiction in this case because Plaintiff's federal claims will be dismissed without leave to amend. *See* 28 U.S.C. § 1367(c)(3) (authorizing district court to decline supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction."); *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("After the § 1983 claims were dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims."). Accordingly, the Court will dismiss Plaintiff's state law claims without prejudice to reassertion in state court.

10

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. The Court will not grant Plaintiff leave to amend as such amendment would be futile as Plaintiff's constitutional claims are *Heck*-barred.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's motions to amend, Filing No. 13; Filing No. 14, are granted to the extent that the Court considered the motions as part of the Complaint.

2.   Plaintiff's other pending motions for summons, Filing No. 11, and to transfer, Filing No. 12, are denied as moot.

3.   This matter is dismissed without prejudice.

4.   The Court will enter a separate judgment.

5.   The Clerk of the Court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Plaintiff at the address the Court has on file and to the second mailing address listed in Filing No. 18.

Dated this 22nd day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11